UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff<br><br>v.<br><br>Todd Maxson,<br><br>            Defendant | Case No.: 2:24-cr-00141-CDS-BNW<br><br>**Order Granting Plaintiff's Motion to Continue Sentencing**<br><br>[ECF No. 29] |

       In October 2024, defendant Todd Maxson pleaded guilty to three counts of the criminal indictment and sentencing was set for January 8, 2025. Min. of proceedings, ECF No. 21. The government now moves to continue the sentencing date not more than sixty days to thoroughly exhaust efforts to identify potential victims who are entitled to be reasonably heard and to receive timely restitution under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. ECF No. 29 at 3. The government represents that, although the motion is unopposed, Maxson's counsel is prepared to move forward with sentencing on January 8, 2025. *Id.*

       Federal Rule of Criminal Procedure 32 provides that a sentence must be imposed without unnecessary delay, but the court may, for good cause, postpone the imposition for a reasonable time. Fed. R. Crim. P. 32(b)(1), (2). The CVRA affords crime victims certain enumerated rights, including "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771. Thus, before imposing a sentence, a district court must "address any victim of a crime of violence or sexual abuse who is present at sentencing and must permit the victim to speak or submit any information about the sentence." Fed. R. Crim. P. 32(i)(4)(B). This includes the potential submission of victim statements. "Victim impact statements are admissible at sentencing unless their admission would be 'so unduly prejudicial that it renders the sentence fundamentally

unfair.'" *Gretzler v. Stewart*, 112 F.3d 992, 1009 (9th Cir. 1997) (citing *Payne v. Tennessee*, 501 U.S. 808, 827 (1991)). Here, the government argues that there are victims who have not yet been informed of their rights under CVRA. ECF No. 29 at 3. It asserts that additional time is needed so that those victims may be notified, appear at sentencing, and request restitution. *Id.* Because the judiciary has an affirmative obligation to ensure that a crime victim is afforded their rights under the CVRA, 18 U.S.C. § 3771(b), I find that the government has demonstrated good cause for the continuance.

## Conclusion

Accordingly, finding good cause, the United States' motion to continue sentencing **[ECF No. 29] is GRANTED**. Sentencing is rescheduled for March 10, 2025, at 10:00 in LV Courtroom 6B.

Dated: December 30, 2024

_____
Cristina D. Silva
United States District Judge